UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY RAY,

        CASE NO. 08-CV-15208

    Plaintiff,

        DISTRICT JUDGE JOHN CORBETT O'MEARA

v.        MAGISTRATE JUDGE CHARLES BINDER

PATRICIA CARUSO, *Director MDOC*;
CORRECTIONAL MEDICAL SERVICES,
*Healthcare Provider for MDOC*;
GEORGE PRAMSTALLER, *Chief Medical Officer*;
JOHN DOE, *Regional Medical Director*;
SYNDEE SHAFFER, *Registered Nurse*;
S. TEED, *Registered Nurse*,
*Health Care Unit Manager*;
SHELIA D. BAKER;
LORI L. LAU, *Registered Nurse*;
JUDY A. DAVIS, *Registered Nurse*;
JULIE VAN SETTERS, *Region 2 Director of Nursing*;
K. BRANCH; *Registered Nurse*;
NATALIE SOUDER; *Registered Nurse*;
LORI A. DEVUYST-COLEMAN, *Registered Nurse*;
J. SALADIN, *Nurse Supervisor*;
JANE L. BESHORE, *Registered Nurse*;

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.**     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief may be granted.[1]

---

[1] In the event this Report and Recommendation is adopted, Plaintiff's pending Motion For Appointment of Counsel will be moot.

## II.     REPORT

### A.     Introduction

Plaintiff Anthony Ray is a state prisoner who is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan. On December 18, 2008, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The gravamen of the complaint is Plaintiff's allegation that he was exposed to contaminated water while incarcerated at the St. Louis Correctional Facility from September 2003 until September 2006.

On April 10, 2009, Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted by Magistrate Judge R. Steven Whalen, and on May 14, 2009, U.S. District Judge John Corbett O'Meara referred all pretrial matters to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for report and recommendation.

### B.     Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that "the PLRA mandates early judicial screening of

2

prisoner complaints . . . ." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 914, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 550-55 (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" of an invidious policy and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

"But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)).

Finally, in this circuit, a plaintiff is not permitted to amend a complaint to avoid a *sua sponte* dismissal. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). Nor may a plaintiff use the opportunity of objections to a report and recommendation to repair a complaint's fatal deficiencies:

> Plaintiff's description of these claims in his objections to the R & R cannot save Plaintiff's complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *accord Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (stating that "a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a *sua sponte* dismissal"), *abrogated on other grounds by Jones*, 549 U.S. at 199; *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999).

*Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

### C.     Analysis and Conclusions

### 1.     Official Capacity Claims

The complaint states that all defendants are being sued in both their individual and official capacities. (Compl., Doc. 1 at 6-10.) A suit against a state official in his or her official capacity brought under 42 U.S.C. § 1983 is barred by the Eleventh Amendment because such an action is, in fact, a suit against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, nor a state official sued in his official capacity is a 'person' who is subject to suit under § 1983." *Massingill v. Ohio Adult Parole Authority*, 28 Fed. App'x 510, 511 (6th Cir. 2002) (holding that motion to amend complaint to add state officials in their official

4

capacities as defendants was properly denied because it would not have withstood a Rule 12(b)(6) motion to dismiss). *See also Watson v. Baxter*, No. 01-5971, 2002 WL 475263 (6th Cir. March 27, 2002) (unpublished) (affirming district court's *sua sponte* dismissal pursuant to Prison Litigation Reform Act's screening provision of complaint seeking monetary and punitive damages against a state official in his official capacity).

Accordingly, I suggest that Plaintiff's official capacity claims should be *sua sponte* dismissed for failure to state a claim because they are barred by the Eleventh Amendment.

**2.    Individual Capacity Claims**

**a.    Governing Law**

A civil rights case under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). To state a valid claim under 42 U.S.C. § 1983, a plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). *See also Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions").

To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. *Monell v. New*

*York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated a plaintiff's constitutional rights does not impose liability. *Id.* at 691-92.

A prisoner's claim of inadequate medical care falls under the Eighth Amendment's provision that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend VIII. This amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). However, liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "Deliberate indifference . . . does not include negligence in diagnosing a medical condition." *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). Similarly, differences of opinion between a prisoner and healthcare professionals regarding diagnosis and treatment do not state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

**b.     Discussion**

In this case, the complaint alleges wrongdoing by seven of the fifteen named defendants.

**i.     Defendants Shaffer, Lau & Branch**

Plaintiff asserts that, "[o]n March 4, 2005, [he] was seen by [Defendant Nurse] Syndee Shaffer, who, without conducting a physical examination, instructed [him] to drink more water"

6

for an ongoing skin irritation and stomach problems. (Compl. at 3-4.) He also contends that, "[o]n March 16, 2005, [he] was seen by [Defendant Nurse] Lori L. Lau medication [sic] for his upset stomach and again instructed to drink more water in regard to his skin irritation issue." (*Id.* at 4.) With regard to Defendant Branch, Plaintiff asserts that "[o]n April 11, 2005, [Defendant Nurse] K. Branch did not acknowledge any rash on the skin of the [Plaintiff] but declared his skin problems on dry skin and informed [Plaintiff] to buy and drink water from the prisoner store, use less soap while showering, and prescribed a combination skin care lotion for his condition." (Compl. at 4.)

I suggest that Plaintiff's assertions against Defendants Shaffer, Lau and Branch fail to state a claim of a constitutional violation, because Plaintiff has not come close to alleging that these Defendants knew of a substantial risk of serious harm to Plaintiff and unreasonably disregarded that risk. *See Farmer, supra. See also Lewal v. Wiley*, 29 Fed. App'x 26, at **2 (2d Cir. 2002) (prisoner's claim that defendants refused to treat his persistent rash failed to state a claim of deliberate indifference because he had not alleged the existence of a serious medical condition). Accordingly, I suggest that Plaintiff's claims against these defendants are subject to *sua sponte* dismissal under the PLRA's screening procedures.

  **ii.**  **Defendant Beshore**

Plaintiff asserts that "[o]n April 5, 2005, [Defendant Nurse] Jane L. Beshore saw [him] and upon a quick visual physical examination of the [Plaintiff] discovered a rash." (Compl. at 4.) I suggest that Plaintiff has failed to state a claim against Defendant Beshore because he has not even alleged or hinted at any wrongdoing on the part of this defendant, let alone alleged facts showing that Defendant Beshore knew of and disregarded a substantial risk of serious harm to Plaintiff.

### iii.     Defendants Saladin, Davis & Souder

Plaintiff states that "[o]n April 28, 2005, Defendant J. Saladin was interview[ed] in response to grievances . . . [and] Defendant J. Saladin['s] response ignored Plaintiff's request for testing regarding the water conditions." (Compl. at 4.) Plaintiff also avers that "[o]n June 28, 2006, Defendant J. Davis was interview[ed] in response to grievances and various kites sent by [Plaintiff] to Health Services regarding the above stated health concerns. Defendant J. Davis['s] response ignored Plaintiff's request for testing regarding the water conditions." (Compl. at 4-5.) Likewise, Plaintiff asserts that "[o]n June 13, 2006, [he] sent a kit[e] to Health Services asking to be tested for DDT and PBB and Defendant Natalie Souder sent a response stating they do not test for pesticides." (Compl. at 4.)

I suggest that Plaintiff has failed to state a claim against Defendants Saladin, Davis and Souder because the only allegations with regard to these defendants relate to Plaintiff's disagreement with their responses to his grievances and kites. A corrections official's participation in the review and/or denial of a prisoner's grievance, however, does not subject him or her to liability. *Alder v. Correctional Med. Servs.*, 73 Fed. App'x 839, 841 (6th Cir. 2003).

### iv.     Remaining Defendants

Plaintiff has not made any factual allegations with respect to the remaining defendants. As previously stated, however, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that he suffered a specific injury as a result of the specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *Rizzo*, 423 U.S. at 371-72. Therefore, where Plaintiff has not mentioned the remaining defendants at all, I suggest that the complaint falls "far short of the standard that is necessary to weed out meritless actions." *Veney*, 70 F.3d at 922.

8

Accordingly, I suggest that the case be *sua sponte* dismissed for failure to state a claim upon which relief can be granted.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                          s/ *Charles E. Binder*
                                          CHARLES E. BINDER
Dated: June 24, 2009                      United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served by first class mail on Anthony Ray, #261303, at Straits Correctional Facility, 4387 W. M-80, Kincheloe, MI, 49785-1634.

Date: June 24, 2009                    By     s/*Jean L. Broucek*
                                                   Case Manager to Magistrate Judge Binder